Law Office of Philip H. Lowenthal
By: JACOB K. LOWENTHAL (9945)
33 North Market Street, Suite 101
Wailuku, Maui, Hawaiʻi 96793
Telephone:  (808) 242-5000
Facsimile:   (808) 242-1500
Email:       jkl@lowenthal-hawaii.com

Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAIʻI

| | |
|---|---|
| TAMMY PAIR and CHRIS PAIR, | Case No. _____. |
| Plaintiffs, | |
| vs. | COMPLAINT FOR DAMAGES; SUMMONS |
| KIPU RANCH ADVENTURES, LLC; JOHN DOES 1-20; JANE DOES 1-20; DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-20 AND DOE ENTITIES 1-20, | DEMAND FOR A JURY TRIAL |
| Defendants. | |

## **COMPLAINT**

Plaintiffs TAMMY PAIR and CHRIS PAIR (herein "Plaintiffs"), by and through their

undersigned counsel, hereby sue Defendants KIPU RANCH ADVENTURES, LLC; JOHN

DOES 1-20; JANE DOES 1-20; DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-20

AND DOE ENTITIES 1-20 (herein "Defendants"), and allege as follows:

## PARTIES

1.      Plaintiffs TAMMY PAIR and CHRIS PAIR ("The Pairs") are married individuals residing in McDonough, Georgia.

2.      Defendant KIPU RANCH ADVENTURES, LLC., ("Kipu Ranch") is a Hawaii limited liability corporation doing business in the State of Hawaiʻi, County of Kauai, and subject to the jurisdiction of this Court. Upon information and belief, the members of KIPU RANCH ADVENTURES, LLC are individuals named Antone Teves, Robert Wolff III, and Ted R. Shanks, Sr., all of whom are citizens of the State of Hawaii, County of Kauai.

3.      Plaintiffs are presently unable to ascertain the true names of Defendants John Does 1-20, Jane Does 1-20, Doe Partnerships 1-20, Doe Corporations 1-20, Doe Entities 1-20 (herein Doe Defendants), who are therefore sued herein under fictitious names.  Plaintiffs will seek leave of Court to identify and substitute the true names, capacities, and responsibilities of the Doe Defendants when they are ascertained. Plaintiffs allege that all named Doe Defendants are residents of the State of Hawaii, are the agents, servants, employees, principals, partners, alter-egos, joint venturers, successors-in-interest, assistants, consultants, representatives, and/or independent contractors of the named Defendants; and/or were in some manner engaged in the activities alleged herein; and/or were in some manner responsible for the injuries and damages sustained by Plaintiffs.

4.       At all times material herein Defendants were engaged in the recreation tour business as owners and/or operators of certain real property and a number of "ATV" off-road recreational vehicles located at 235 Kipu Road, in Kauai County, State of Hawaii.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity) as Plaintiffs are residents of the State of Georgia, all Defendants are residents of the State of Hawaii, and the matter in controversy exceeds $75,000.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants reside in this District and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this District.

## FACTUAL ALLEGATIONS

7.      On or about April 2, 2014, Plaintiffs, as part of their 30th wedding anniversary, rented and purchased from Defendants ATVs and an off-road guided sightseeing trip of Defendants' premises.

8.      Plaintiffs had very limited experience operating an ATV or any other type of similar off-road vehicle, and Defendants were aware of this lack of experience.

9.      On said day, Plaintiffs operated the ATVs on Defendants' premises while engaging in Defendants' guided tour.

10.      The premises was extremely muddy due to heavy rain the prior day and on April 2, 2014.

11.      At no time did Defendants suggest cancelling or restricting the tour due to the mud or the rain.

12.      Plaintiffs participated in the tour by following the group's designated tour guide, who was acting as an agent/employee of Defendants in the course and scope of his employment/agency.

3

13.     Eventually, the guide led Plaintiffs to a hill. The hill was extremely muddy and it was raining profusely.

14.     By the time Plaintiffs arrived at the bottom of one side of the hill, the guide was already at or near the top of the hill and did not render advice or assistance to Plaintiffs about how to safely operate the ATV on a hill under such wet and muddy conditions.

15.     Plaintiff Tammy Pair then operated the ATV up the muddy hill, followed by her husband Chris Pair.

16.     By the time Plaintiffs reached the top of the hill, the guide was already at the bottom of the other side of the hill and accelerating away.

17.     Plaintiff Tammy Pair attempted to follow the guide and safely navigate down the hill.

18.     As Plaintiff Tammy Pair began the descent down the muddy hill, she lost control of her ATV and it rolled on top of her, resulting in her suffering severe and permanent injuries and damages.

19.     Plaintiff Chris Pair witnessed the ATV roll on top of her, which caused him severe and permanent emotional injuries and damages.

## LIABILITY

### (COUNT I – NEGLIGENCE)

20.     Plaintiffs allege and incorporate by reference each and every paragraph of the Complaint as though fully set forth herein.

21.     At all times relevant hereto, Defendants owed Plaintiff Tammy Pair a duty to use reasonable care in the operation of their ATV tours, to cancel or restrict the tours when

conditions were unreasonably dangerous, to provide Plaintiff with adequate instruction, advice, guidance and training with respect to operating the ATV in a safe manner, to warn Plaintiff of known dangers on Defendants' premises, and to properly select, monitor, and supervise Defendants' tour guide employees.

22.     Defendants breached this duty by failing to provide adequate instruction, advice, guidance, and training to Plaintiff regarding safe operation of the ATV, by operating the tour in which Plaintiff was a participant under unsafe conditions, by failing to properly instruct, monitor, and supervise its tour guide employees/agents regarding how to safely guide tours, by failing to warn Plaintiff of dangerous conditions and obstacles on Defendants' premises, and by such further acts and omissions as may be revealed through discovery.

23.     As a direct and proximate result of Defendants' negligent, willful, wanton, oppressive, malicious, or grossly negligent breaches of their duties, Plaintiff Tammy Pair suffered permanent injuries and damages.

## (COUNT II – PREMISES LIABILITY)

24.     Plaintiffs allege and incorporate by reference each and every paragraph of the Complaint as though fully set forth herein.

25.     Defendants at all times herein knew or should have known that dangerous conditions and obstacles such as extremely muddy terrain and muddy hills existed on their premises which created unreasonable risks of harm and dangerous conditions to business invitees such as Plaintiffs.

26.     Defendants reasonably anticipated invitees such as Plaintiffs would be on Defendants' premises.

27.     Defendants had actual or constructive notice of such unreasonable risks of harm.

28.     At all material times herein, Defendants, who had sufficient control over their premises, had a duty to take reasonable measures to eliminate the risks of unreasonable harm or to warn Plaintiffs thereof.

29.     Defendants failed to eliminate these risks of unreasonable harm to Plaintiffs or warn Plaintiffs of the unreasonable risks of harm.

30.     As a direct and proximate result of Defendants' negligent, willful, wanton, oppressive, malicious, or grossly negligent failure, Plaintiffs sustained injuries and damages.

### (COUNT III – LOSS OF CONSORTIUM)

31.     Plaintiffs allege and incorporate by reference each and every paragraph of the Complaint as though fully set forth herein.

32.     As a direct and proximate result of Defendants' carelessness, negligence, and recklessness, which caused Plaintiff Tammy Pair to sustain injuries and damages, Plaintiff Chris Pair has been deprived of the comfort, care, services, consortium, and advice of his wife, and has been caused to suffer great emotional distress.

### (COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

33.     Plaintiffs allege and incorporate by reference each and every paragraph of the Complaint as though fully set forth herein.

34.     At all times relevant hereto, Defendants owed Plaintiffs a duty to use reasonable care in the operation of their ATV tours, to provide Plaintiffs with adequate guidance and training with respect to operating the ATV in a safe manner, to warn Plaintiffs of known dangers on Defendants' premises, and to adequately train Defendants' tour guide employees.

35.     Defendants breached this duty by failing to provide adequate instruction, advice, guidance, and training to Plaintiffs regarding safe operation of the ATV by operating the tour

in which Plaintiffs were participants during dangerous and unsafe conditions, by failing to properly select, monitor, and supervise Defendants' tour guide employees/agents regarding how to safely instruct visitors and guide tours, by failing to warn Plaintiffs of dangerous conditions and obstacles on Defendants' premises, and by such further acts and omissions as revealed through discovery.

36.     As a direct and proximate result of this breach, Plaintiff Tammy Pair's ATV flipped on top of her, causing her severe and permanent injuries.

37.     Plaintiff Chris Pair, who was behind Tammy Pair, witnessed the ATV flip on top of his wife, Plaintiff Tammy Pair.

38.     As a result of witnessing the ATV flipping on top of Tammy Pair, Plaintiff Chris Pair believed she was either dead or paralyzed.

39.     As a direct and proximate cause of witnessing Plaintiff Tammy Pair incur severe and permanent injuries, Plaintiff Chris Pair was and continues to be unable to adequately cope with the mental stress engendered by such circumstances.

## INJURIES AND DAMAGES

40.     As a direct and proximate result of the Defendants' actions, Plaintiff Tammy Pair has sustained permanent injuries for which she is entitled to be compensated, including but not limited to the following:

a.   Past, present and future pain and suffering;

b.   Past, present and future psychological trauma and interference with normal life;

c.   Health care expenses for past and future treatment related to the above;

d.   Loss of income and/or loss of earning capacity;

    e.   Interference with ability to access vocational opportunities;

    f.   Incidental expenses incurred as a result of the above incident;

    g.   Interest and/or prejudgment interest on all damages sought and/or incurred herein, at the legal lawful rate; and

    h.   For all costs of suit incurred herein.

41.    As a direct and proximate result of the Defendants' actions, Plaintiff Chris Pair sustained injuries for which he is entitled to be compensated, including but not limited to:

    a.   Health care costs;

    b.   Loss of love and companionship of Tammy Pair;

    c.   Injury to his relationship with Tammy Pair;

    d.   Mental distress and anguish;

    e.   Incidental expenses incurred as a result of the above incident;

    f.   Interest and/or prejudgment interest on all damages sought and/or incurred herein, at the legal lawful rate; and

    g.   For all costs of suit incurred herein.

WHEREFORE, Plaintiffs respectfully requests the following:

a.    That Defendants be found jointly and severally liable for the injuries, damages and losses described above;

b.    That appropriate relief be granted, including awards of general, special, consequential, exemplary and punitive damage awards, in amounts to be proven at trial, along with reasonable attorneys' fees and costs, and such other and further equitable relief as the Court deems just and proper.

Dated: Wailuku, Maui, Hawaiʻi   <u>March 29, 2016</u>  .

                                    <u>/s/ Jacob K. Lowenthal</u>
                                    JACOB K. LOWENTHAL
                                    Attorney for Plaintiffs
                                    Bar Number: 9945
                                    Law Office of Philip Lowenthal
                                    33 North Market St, Suite 101
                                    Wailuku, HI 96793
                                    808-242-5000
                                    jkl@lowenthal-hawaii.com

*TAMMY PAIR and CHRIS PAIR v. KIPU RANCH ADVENTURES, LLC; JOHN DOES 1-20; JANE DOES 1-20; DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-20 AND DOE ENTITIES 1-20.*

Complaint; Summons

7